UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:07-CR-01-DCR-HAI-1 |
| | ) | No. 6:13-CV-07324-DCR-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| LEE MURRAY MILLER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 25, 2013,[1] Defendant Lee Murray Miller filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 70. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), the motion was referred to the undersigned for a recommended disposition. For the reasons that follow, Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be **DENIED**, and that no certificate of appealability be issued.

## I. BACKGROUND

### A. Pre-trial Proceedings

On January 25, 2007, a federal grand jury returned an indictment as to Defendant Lee Murray Miller and his co-defendant, Raymond Laurence Miller. D.E. 1. Count 1 of the indictment charged Defendant and his co-defendant with possessing an unregistered shotgun having a barrel of less than 18 inches in length, in violation of 26 U.S.C. § 5861(d). *Id.* at 2.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Miller affirmed under penalty of perjury that he placed the Motion in the prison mailing system on November 25, 2013.

Count 2 charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Id*. at 2-3. Count 3 sought forfeiture of the weapon and related ammunition. *Id*. at 3. On Count 1, Defendant faced a statutory maximum of ten years of incarceration, not more than a $250,000 fine, and a term of supervised release of not more than three years. *Id*. at 4; *see* 26 U.S.C. § 5871; 18 U.S.C. § 3571(b)(3); § 3583(b)(2). On Count 2, Defendant faced a statutory maximum of ten years of incarceration, not more than a $250,000 fine, and a term of supervised release of not more than three years. D.E. 1 at 4; *see* 18 U.S.C. § 924(a)(2); § 3571(b)(3); § 3583(b)(2). The penalties page of the indictment stated that, if found to be an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), Defendant faced not less than fifteen years of imprisonment nor more than life, up to a $250,000 fine, and a term of supervised release of not more than five years. D.E. 1 at 4; *see* 18 U.S.C. § 924(e)(1); § 3571(b)(3); § 3583(b)(1).

Magistrate Judge Robert E. Wier presided over Defendant's arraignment on February 6, 2007, at which time Defendant pleaded not guilty to all counts. D.E. 5. At that time, Judge Wier appointed James Hibbard as Defendant's attorney pursuant to the Criminal Justice Act after finding that Defendant qualified for such an appointment. *Id*.

On March 26, 2007, the United States filed a notice in the record specifying Defendant as an armed career criminal and citing the following prior convictions: (1) Assault 3rd Degree; (2) Burglary 2nd Degree; (3) Burglary 3rd Degree, as a result of a burglary that occurred on November 27, 1997; (4) Burglary 3rd Degree, as a result of a burglary that occurred on November 24, 1997; (5) and Burglary 3rd Degree, as a result of a burglary that occurred on November 20, 1997. D.E. 26 at 1-2. This triggered the potential for the enhanced penalties on Count 2 described above.

### B. Plea Agreement and Sentencing

On May 23, 2007, Judge Reeves accepted Defendant's plea of guilty as to Counts 2 and 3 of the Indictment after a thorough plea colloquy, (D.E. 63 at 2-25), during which he found Defendant to be fully competent and capable of entering a knowing, voluntary, and informed plea. D.E. 42. In exchange for Defendant's guilty plea, the United States agreed to move to dismiss Count 1 of the Indictment at the time of sentencing. D.E. 49 ¶ 1. Defendant waived the right to appeal and the right to collaterally attack the guilty plea, conviction, and any sentence that did not exceed 180 months of imprisonment. *Id.* ¶ 7.

Defendant was sentenced on August 20, 2014. D.E. 48. Judge Reeves confirmed that Defendant received a copy of his Presentence Investigation Report (the "Report), and reviewed it with his attorney. D.E. 62 at 2. In the Report, the United States Probation Office found Defendant to have been previously convicted of "three felony burglaries that would qualify as violent felonies for purposes of 18 U.S.C. § 924(e)[,]" but the Report did not specify which of the four burglary convictions identified in the United States' notice this determination was based upon. D.E. 59 ¶ 9. As calculated in the Report, Defendant's adjusted offense level of 28 was enhanced to a 37 due to his status as a career offender. D.E. 62 at 4. After receiving a three-level credit for acceptance of responsibility, his total offense level became 34. *Id.* Based upon that calculated offense level, and a Criminal History category of VI, Defendant's Guideline Range was 262 to 327 months. *Id.* Defendant conceded, through counsel, that, as a result of the violent felonies identified in the Report, he qualified as an armed career criminal. D.E. 62 at 7. Defendant also conceded, through counsel, that he qualified as a career offender under Section 4B1.1 of the Sentencing Guidelines. *Id.* Defendant withdrew his only objection to the Report.

D.E. 46. Judge Reeves ultimately found a downward variance to be appropriate and sentenced Defendant to 210 months of imprisonment. D.E. 54 at 2.

### C. Direct Appeal and Post-Conviction Proceedings

Defendant timely filed notice of appeal. D.E. 56. On October 26, 2007, attorney Hibbard notified Defendant that he intended to withdraw as Defendant's counsel, and submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). D.E. 64-1; 65 at 2. Counsel identified two issues in that brief: "(1) whether Miller was properly classified as a career offender; and (2) whether Miller's sentence was reasonable." *Id*. at 2. Upon review, the Sixth Circuit found that Defendant was properly classified as a career offender and that the sentence imposed by the District Court was reasonable. *Id*. at 2-4. Therefore, the Sixth Circuit affirmed the judgment of the District Court. *Id*. at 4.

In his section 2255 Motion, Defendant asserts one ground for relief—in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), the District Court violated Defendant's right to due process by utilizing the "modified categorical approach" in determining that one of his three prior convictions for third-degree burglary qualified as the third predicate offense for enhancement as an Armed Career Criminal under 18 U.S.C. § 924(e). D.E. 70 at 4. He argues that *Descamps* is retroactively applicable to his case, and asks to be resentenced accordingly. D.E. 70-1 at 7. He further requests an evidentiary hearing to determine whether Kentucky's third-degree burglary statute is divisible, and to address "the issue of [his] lack of objection to his classification as an Armed Career Criminal at sentencing." D.E. 76 at 9.

## II. DISCUSSION

### A. Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a section 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the section 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

The Court shall hold an evidentiary hearing unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

### B.  Statute of Limitations and Retroactivity of *Descamps*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a motion under section 2255. The statute of limitations begins to run from the latest of one of four occurrences. *See* 28 U.S.C. § 2255(f). In the present case, the statute would run from the date Defendant's judgment became final. Defendant's conviction was affirmed by the Sixth Circuit on September 12, 2008, (D.E. 65), and became final 90 days later upon the expiration of the period for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 524-55 (2003) (holding "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Therefore, Defendant's statute of limitations expired on December 11, 2009, almost four years before Defendant filed the current section 2255 motion.

However, the statute of limitations may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). Here, Defendant argues that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), announces such a right, and that his motion is therefore timely. D.E. 70-1 at 3. Defendant does not argue that *Descamps* has been made retroactively applicable to cases on collateral review. Even so, Defendant has requested that the government waive any potential procedural bar to his motion. D.E. 70-1 at 3. The United States has opted to

waive any statute of limitations defense. D.E. 72 at 4. Therefore, the Court may not consider the timeliness of Defendant's section 2255 Motion. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("[We] would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Allen v. Parker*, 542 Fed.App'x 435, 439 (6th Cir. 2013) (holding that courts of appeal are required to respect the government's waiver of nonjurisdictional issues.).

Further, the Court in *Day v. McDonough* held that "the statute of limitations is akin to other affirmative defenses to habeas petitions[]" such as "nonretroactivity." *Day*, 547 U.S. at 208. Because the statute of limitations and nonretroactivity are "explicitly aligned[,]" *id.*, *Day* stands for the proposition that a deliberate waiver of the defense of nonretroactivity is equally binding on this court. *Id.* at 202. The United States has elected not to raise nonretroactivity as a defense. D.E. 72 at 4. The Court makes no finding herein with respect to the retroactivity of *Descamps*, but only assumes *Descamps* applies to this case given its unique procedural posture.

### C. Procedurally Defaulted Grounds

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). As such, Defendant was required to bring his claim on direct appeal or default that claim. For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700; *Phillip*, 229 F.3d at 552. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Bousley,* 523 U.S. at 623.

Defendant's claim may be procedurally defaulted. *See Reed v. Ross*, 468 U.S. 1, 17-18 (1984) (discussing three situations in which a newly recognized right not reasonably available at the time of appeal might constitute "cause for failing to raise the issue at that time."). Nevertheless, Defendant has requested that the United States waive any procedural bars to his claim (D.E. 70-1 at 3), and the United States failed to raise the issue in either response it filed. D.E. 72; 74. The Sixth Circuit has instructed that courts may raise the issue of procedural default *sua sponte*, but should not as a matter of course. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005) (citing *Flood v. Phillips*, 90 Fed.App'x 108, 114 (6th Cir. 2004). Accordingly, the Court will address the merits of Defendant's motion.

### D. Applicability of *Descamps*.

Defendant's sole claim is that he should be resentenced in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), because his conviction(s) for third-degree burglary under Kentucky law can no longer be considered "violent felonies" for purposes of the ACCA. D.E. 70 at 4. *Descamps* is the latest decision of the Supreme Court describing how courts are to evaluate certain prior convictions under the ACCA. A "prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

The Court in *Descamps* held that "sentencing courts may not apply the modified categorical approach" when determining whether a defendant's prior felony conviction qualifies as a violent felony under the ACCA if "the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. If the statute, however, is "divisible" the modified categorical approach can be utilized. A divisible statute is one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry

8

into a building *or* an automobile." *Id*. at 2281. "If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id*.

Defendant argues that third-degree burglary in Kentucky, as codified in KRS § 511.040, is an indivisible statute. D.E. 70-1 at 6. KRS § 511.040(1) reads, "A person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." Ky. Rev. Stat. Ann. § 511.040 (West 2014). The facial similarity to the elements of generic burglary disappears when the statute is considered in its proper context.[2] Specifically, KRS § 511.010 defines "building" in relevant part as, "in addition to its ordinary meaning, [] any structure, vehicle, watercraft or aircraft[,]" in which a person lives or where people assemble for various other purposes. Ky. Rev. Stat. Ann. § 511.010 (West 2014). Thus, Defendant argues KRS § 511.040 is indivisible because the term "building" should only be construed in the sense used in the generic burglary formulation. In other words, Defendant argues the definition in KRS § 511.010 should be ignored when evaluating the elements of third-degree burglary in Kentucky

The Court does not consider this issue in a vacuum. Indeed, the presiding District Judge in this case has previously determined that third-degree burglary under Kentucky law is a qualifying ACCA predicate even in light of *Descamps*. In *United States v. Moore*, CA No. 5:12-0083-DCR, 2014 WL 1493655 (E.D. Ky. Apr. 14, 2014), a section 2255 petitioner challenged, among other things, his counsel's failure to object to the use of certain prior convictions as

---

[2] The Supreme Court instructs that generic burglary consists of the following elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

9

ACCA predicates. In denying relief, District Judge Reeves specifically adopted the analysis of Magistrate Judge Wehrman, which analysis was that "Kentucky's third degree burglary statute is a divisible statute because it criminalizes break-ins of vehicles, watercraft, and aircraft." *United States v. Moore*, CA No. 5:12-0083-DCR, 2014 WL 1493655, at *7 (E.D. Ky. Apr. 14, 2014) (*citing United States v. McGovney*, 270 Fed.App'x. 386, 388 (6th Cir. 2008)). Judge Reeves added, specifically relying upon that conclusion by Judge Wehrman, that "[t]he record demonstrates that the convictions [petitioner] believed should have been challenged were, in fact, qualifying felonies under the Armed Career Criminal Act." *Id*. at *3.

This Court fully agrees. Indeed, KRS § 511.040 essentially mirrors the example of a divisible statute set forth in *Descamps*, namely one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps*, 133 S. Ct. at 2281. It matters not that the alternative construction is a function of the definition of "building" set forth by another section of the Kentucky Revised Statutes, for one cannot "compare the elements" of KRS § 511.040 with the elements of the generic crime without reference to that definition. *Descamps* instructs, in many ways, that the focus of the analysis is on the elements, and any analysis of the elements of KRS § 511.040 necessarily includes an analysis of the meaning of the term "building" supplied by KRS § 511.010. The multiple constructions of KRS § 511.040 contrast with the statute in *Descamps* which defined "burglary not alternatively, **but only** more broadly than the generic offense." *Descamps*, 133 S. Ct. at 2283. The same is not true with respect to KRS § 511.040. It can be violated by unlawful entry into a building in "its ordinary meaning" or by unlawful entry into a vehicle, meaning not **only** by conduct that is broader than generic burglary. Because the statute contains alternative elements and is therefore divisible, the District Court would have been

permitted, post-*Descamps,* to apply the modified categorical approach to determine whether Defendant violated the statute in a way that constituted generic burglary.

### III. AN EVIDENTIARY HEARING IS NOT REQUIRED

In his Reply, Defendant requests an evidentiary hearing to determine whether KRS § 511.040 is divisible or indivisible. D.E. 76 at 9. "An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). Here the record conclusively shows that Defendant is entitled to no relief. The issues presented are purely legal and no factual development is necessary to their resolution. Thus, an evidentiary hearing is not required.

### IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to Defendant's claim. However, no reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

## V. RECOMMENDATION

For the reasons discussed above, the Court concludes that Defendant has failed to make the requisite showing that would entitle him to relief. Therefore, the Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Vacate. Because the filings and records establish conclusively that Defendant is not entitled to relief, the Court need not conduct an evidentiary hearing. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of July, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge