UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 07-01-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 6: 13-7324-DCR-HAI |
| V. | ) | |
| | ) | |
| LEE MURRAY MILLER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 25, 2007, Defendant Lee Murray Miller ("Miller") was charged in a two-count indictment with knowingly possessing a firearm having a barrel of less than 18 inches in length (i.e., a sawed-off shotgun) and with being a convicted felon in possession of a firearm. [Record No. 1] After unsuccessfully seeking to suppress the evidence against him, Miller entered a guilty plea to the charge of being a felon in possession of a firearm. [Record No. 42] Pursuant to the terms of a written Plea Agreement, Miller also agreed to forfeit the items listed in the forfeiture count of the Indictment. Miller admitted in the Plea Agreement that he had three previous qualifying violent felony or serious drug offense convictions under 18 U.S.C. § 924(e). As a result, he was subject to enhanced statutory penalties which included a term of incarceration of not less than fifteen years. [Record No. 49] Miller was subsequently sentenced to a term of imprisonment of 210 months, to be followed by a term of five years' supervised release of five years. [Record No. 54]

Through the Plea Agreement, Miller reserved the right to appeal his sentence if the term of imprisonment exceeded 180 months. [Record No. 49]  However, his subsequent appeal was unsuccessful.  On September 12, 2008, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment, rejecting Miller's argument regarding his classification as a career offender and his assertion that his sentence was unreasonable. [Record No. 65] Regarding the first argument, the court concluded that a sufficient number of Miller's prior convictions qualified as crimes of violence and that he properly qualified as a career offender. [*Id*. at p. 2]

On December 2, 2013, Miller filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 70]  Through this motion, Miller argues that under the Supreme Court's 2013 decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), he should not have been classified as a career offender because his conviction for third-degree burglary does not qualify as a crime of violence. [*Id*. at p. 4]  The United States chose not to challenge Miller's motion as untimely notwithstanding the fact that several courts – including this Court – have concluded that *Descamps* should not be given retroactive effect. [Record No. 72]  Instead, it asserts that Miller's motion should be denied on the merits.

Consistent with local practice, Miller's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report and recommendation.  On July 25, 2014, United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition regarding Miller's motion.  [Record No. 77]  In relevant part, Magistrate Judge Ingram concluded that the Court should deny all relief sought.  After concluding that the United States' affirmative election not to raise the nonretroactivity of *Descamps* constituted a binding waiver of the issue, the

Magistrate Judge determined that Miller's prior convictions for third-degree burglary under Kentucky law constitute qualifying felony convictions under the Armed Career Criminal Act. [*Id*. at p. 9-10 citing *United States v. Moore*, 2014 WL 1493655 (E.D.Ky. Apr. 14, 2014)] Miller has not filed timely objections to the Magistrate Judge's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

Under the facts presented, Miller may not rely upon the Supreme Court's holding in *Descamps* to assert that his prior convictions for third-degree burglary under Kentucky law do not qualify as violent felonies under the Armed Career Criminal Act. The Court also agrees with the Magistrate Judge's conclusion that an evidentiary hearing is not necessary and that a Certificate of Appealability should not be issued.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits,

the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, a Certificate of Appealability will not be issued.  Miller cannot  show that jurists of reason would find the Court's substantive conclusions debatable or wrong.

Accordingly, it is hereby

**ORDERED** as follows:

1.      Having conducted a *de novo* review of the issues raised herein, the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram [Record No. 77] is **ADOPTED** and **INCORPORATED** by reference.

2.      Defendant Lee Murray Miller's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 70] is **DENIED**.

3.      The defendant's request for an evidentiary hearing is **DENIED**.

4.      In addition to adopting the reasoning of the Magistrate Judge in denying the relief sought by Miller, the Court also concludes that Defendant Miller has waived the  right to appeal the  substantive  issues  by  failing  to  file  timely  objections  to  the  Magistrate  Judge's Recommended Disposition.

5.      A Certificate of Appealability shall not issue.

This 28th day of August, 2014.



Signed By:

*Danny C. Reeves*

**United States District Judge**